**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | | |
|---|---|---|
| **ANTHONY POTTER,** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3: 08cv0307AS |
| | ) | |
| **MARK SEVIER,** | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM, OPINION AND ORDER*

On or about June 24, 2008, *pro se* petitioner, Anthony Potter, an inmate at the Miami Correctional Facility in Bunker Hill, Indiana (MCF), filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on December 19, 2008, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a Traverse on January 5, 2009, which this Court has carefully examined. This ruling renders moot the request of the Attorney General of Indiana to make a filing under seal.

The petitioner is a convicted felon serving a 30-year sentence imposed by a court in the State of Indiana for conspiracy to commit murder. At the time of the filing of this petition he was incarcerated in the MCF in this district. This case, however, deals with proceedings at the MCF involving this petitioner in a prison disciplinary proceeding. A Conduct Adjustment Board (CAB) conducted a hearing on October 9, 2007 in a case

designated as ISR 07-09-0334. An internal affairs investigator by the name of Rains authored a report dated September 25, 2007 regarding an incident which allegedly involved this petitioner. In relevant part, that report states:

> The Office of Internal Affairs received information that false or fraudulent tax documents were being filed and the offenders were receiving refund checks. The information in this case file indicates that OFFENDER POTTER #105764 received two tax refund checks. One for $415.00 received on 6/29/07 and $393.00 received on 9/19/07, totaling $808.00. OFFENDER POTTER signed for the checks in the presence of his Counselor. However, he did not pay any Federal taxes in the calendar year of 2006. OFFENDER POTTER is not entitled to a tax refund because he has not paid into the Federal tax program. OFFENDER POTTER also does not qualify for the Earned Income Tax Credit. OFFENDER POTTER claimed that he was eligible for the EITC deduction. Confidential information is contained within the Confidential Case File #07-90-090.

This petitioner was duly notified of the charge when he received the conduct report, the report of investigation of the incident and the notice of disciplinary hearing. The screening report advised the petitioner of his rights. He pled not guilty, requested a lay advocate, declined to request any witness statements, but did request "copy of remittance slip 9/18/07 where check was sent back [and] all documents pertaining to case that I'm allowed to view."

The three-member CAB, as indicated, conducted a disciplinary hearing on October 9, 2007 and the found this petitioner guilty of a Class offense #100, namely, filing a false tax return. The sanctions recommended and approved were an earned credit deprivation of 730 days, a credit class demotion from credit class I to credit class III, and an $808.00 order of restitution to the Internal Revenue Service. This petitioner unsuccessfully appealed that

2

decision to the Facility Head and the Final Reviewing Authority.

Basic applicable decisional law is found in *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and *Wolff v. McDonnell*, 418 U.S. 539 (1974). In this circuit at least, there can be procedural default. *See Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992).

When it all boils down, the only issue that has been preserved here involves an assertion that the evidence was insufficient to find this petitioner guilty in this administrative process. The other arguments advanced by this petitioner are procedurally defaulted or waived. This court has long been aware of its obligation in matters involving *pro se* litigants under *Haines v. Kerner*, 404 U.S. 519 (1972). A prisoner must take all available Appeals including administrative ones. *See Eads v. Hanks*, 280 F.3d 728 (7th Cir. 2002). In a prison disciplinary proceeding, the decision must be supported by at least "some evidence." *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000) and *Lenea v. Lane*, 882 F.2d 1171 (7th Cir. 1989). The evidence here meets that standard.

The conduct report stated that this petitioner received two tax refund checks totaling $808.00 at two different times in 2007. It is also asserted there that this petitioner signed those checks in the presence of his counsel. This petitioner has been in the custody of the Indiana Department of Corrections since on or about September 15, 2000.

This court has now given close attention to the Traverse filed by the petitioner on January 5, 2009. Since he has been in the custody of the Indiana Department of Corrections

since September 2000, it is hard to conceive of income of any kind that would trigger federal income tax due and owing under basic provisions of the federal income tax statutes. The petitioner has shown none. It is difficult to understand how the notice from the Internal Revenue Service to Anthony H. Potter on February 11, 2008 helps this petitioner here.

This court has carefully read the handwritten statement of this petitioner dated November 2007. The response recorded in the report of disciplinary hearing on October 9, 2007 by this petitioner states:

> "I didn't file anything. I sent the money. I thought the first one was my property tax check. The second one came and I realized it wasn't mine so I sent it to Mr. Rains and I'm paying back the first one. I didn't know why someone did this for me."

in his disciplinary hearing appeal, this petitioner gave the following statement:

> "I am appealing this write up for the following reason's (sic). It stated in my write up case number ISR 07-90-0334 that I received two tax refund checks. It says I received $415.00 on 6-29-07 and $393.00 on 9-19-07 totaling $808.00. I did not know anything about the check's (sic). The first one I received I thought I was getting for past property taxes, but when I received the second one I knew I shouldn't of got it, so I filled out a rementrance (sic) slip to send back. Well in the write up it state's (sic) I received one on 9-19-07 & one on 6-29-07. I have sighed (sic) papers from my councler (sic) saying I received and sighned (sic) for one on 6-27-07 and one on 9-17-07 so the write up was written wrong."

It appears that this petitioner has defended this proceeding regarding the two federal income tax return checks sent to him which were payable to him by accusing someone else, unnamed. With all due deference, the evidence here is sufficient under the relevant case law,

4

including the *Supt. v. Hill* decision. This petitioner has not shown that someone else is at fault here. The result of the prison disciplinary proceeding must stand and the petition is **DENIED. IT IS SO ORDERED**.

 **DATED: January 12, 2009**

                  **/s/ ALLEN SHARP**
                **ALLEN SHARP, JUDGE**
                **UNITED STATES DISTRICT COURT**